**Bennett, Giuliano, McDonnell & Perrone, LLP**
**Attorneys for Plaintiff**
**STEMCOR UK LIMITED**
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 328-0120
Facsimile:    (646) 328-0121
William R. Bennett (wb 1383)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
STEMCOR UK LIMITED,

                Plaintiff,

   - against -

ARGUS DEVELOPMENTS INC.,

                Defendant.
-----------------------------------------------------------------X

08-CV-

**VERIFIED COMPLAINT**

      Plaintiff, STEMCOR UK LIMITED, by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, complaining of the defendant, ARGUS DEVELOPMENTS INC, herein, alleges upon information and belief as follows:

      1.    This is a case of Admiralty and Maritime jurisdiction, as hereinafter more fully appears, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.    At all times hereinafter mentioned, Plaintiff, STEMCOR UK LIMITED, (hereinafter referred to as "STEMCOR"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of the United Kingdom, with an office and principal place of business in London, England.

3. At all times hereinafter mentioned, defendant ARGUS DEVELOPMENTS, INC, (hereinafter referred to as "ARGUS"), was, and now is, a corporation or other business entity duly organized and existing under and by virtue of the laws of Delaware, with an office and principal place of business in Wilmington, Delaware.

4. On or about August 1, 2008, plaintiff STEMCOR and defendant ARGUS entered into a maritime contract, commonly referred to as a Contract of Affreightment (hereinafter referred to "COA") for the purchase and shipment by vessel of steel billets. A copy of said contract is attached hereto as Exhibit A.

5. The Contract was subject to INCOTERMS.

6. Under the contract plaintiff STEMCOR was to provide Vessels to accept three cargos of steel billets purchased from Defendant.

7. Under the contract defendant ARGUS was to load three shipments, the last being a shipment of 2,822 MT of prime steel billets onto Stemcor's nominated Vessel, this was the final delivery of cargo by defendant.

8. Pursuant to the Contract, the parties fixed a cargo readiness date of August 5, 2008 and, on August 11, 2008 plaintiff STEMCOR paid defendant ARGUS the full contract price of US $8,648,268.72.

9. The parties agreed that the defendant ARGUS was to ship the final installment of the 2,822 MT prime steel billets F.O.B. stowed on board the vessel M/V HACI RUSTUK (hereinafter referred to as the "Vessel") to plaintiff STEMCOR between September 12, 2008 and September 14, 2008.

10. To date, defendant ARGUS has failed to deliver the third installment of the steel billets or, in the alternative, return the balance of the contract price for the third installment which amounted to $2,568,402.20, and is, therefore, in breach of the Contract.

11. In addition, Stemcor incurred damages resulting from the hire of the M/V HACI RUSTUK. Said damages include hire payments made for the charter of the ship and demurrage charges estimated to be $1,000,000.00

12. As a result of defendant ARGUS's breach of the Contract, plaintiff STEMCOR has suffered damages totaling US $3,568,402.20, exclusive of interest, costs, and attorneys fees.

## LONDON ARBITRATION

9. Pursuant to the terms and conditions of the COA, all disputes between the parties herein are subject to arbitration in London.

10. This action is expressly filed without prejudice to that right.

11. The expected attorneys fees and costs to arbitrate this matter in London will be calculated as they occur. Attorney fee and costs are recoverable by the prevailing party in London arbitration.

## REQUESTED RELIEF

12. Plaintiff STEMCOR seeks issuance of process of maritime attachment so that it may obtain security up to the amount of US $3,568,402.20 for its claims under the Contract. Plaintiff specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure plaintiff.

13. Upon information and belief, and after investigation, the defendant ARGUS cannot "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but plaintiff believes that defendants have, or will

shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendants (collectively hereinafter, "assets"), including but not limited to in its name and/or being transferred for its benefit funds, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

14. The total amount sought to be attached pursuant to the above is $3,568,402.20.

**WHEREFORE,** Plaintiff prays:

1. That judgment in the sum of US $3,568,402.20 be entered in favor of plaintiff STEMCOR and against defendant ARGUS together with interest and costs from the date of the defendant's breach of contract;

2. That process of maritime attachment and garnishment be issued and levied against, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendants (collectively hereinafter, "assets"), including but not limited to in its name and/or being transferred for its benefit funds, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

3. That pursuant to Rule B of the Special Admiralty Rules of the Federal Rules of Civil Procedure the assets of defendant ARGUS be seized; and,

4. That the plaintiff STEMCOR be granted such other, further, and different relief as in law and justice it may be entitled to receive.

Dated: September 30, 2008
      New York, New York

                              Bennett, Giuliano, McDonnell & Perrone, LLP
                              Attorneys for Plaintiff

                              _____
                              William R. Bennett, III
                              494 Eighth Avenue, 7th Floor
                              New York, New York 10122
                              Telephone: (646) 328-0120
                              Facsimile: (646) 328-0121
                              wbennett@bgmplaw.com

## ATTORNEY VERIFICATION

STATE OF NEW YORK        )
                                              ) ss.:
COUNTY OF NEW YORK  )

William R. Bennett, being duly sworn, deposes and says as follows:

1.  I am an associate with the law firm of Bennett, Giuliano, McDonnell & Perrone, LLP, attorneys for plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.  The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.  The reason this verification is made by an attorney and not by the plaintiff is because the plaintiff is a foreign entity, none of whose officers are presently within this Judicial district

*/s/ William R. Bennett, III*
William R. Bennett, III

**Stemcor UK Limited**

Level 27, CityPoint
1 Ropemaker Street
London EC2Y 9ST
United Kingdom

Telephone: +44 (0)20 7775 3600
Fax: +44 (0)20 7775 3678
Email: info@stemcor.com
Telex: 894733 STMLON G
Website: www.stemcor.com

ARGUS DEVELOPMENTS INC.
208 H PLAZA CENTRE BUILDING
3505 SILVERSIDE ROAD
WILMINGTON, DE 19801
USA



DATE: 1ST AUGUST 2008
PURCHASE NOTE NO: LPBU137

THE SELLER, ARGUS DEVELOPMENTS INC., AGREES TO SELL AND BUYER, STEMCOR UK LTD, AGREES TO BUY THE FOLLOWING MATERIAL AS PER THE TERMS STIPULATED BELOW:

| | |
|---|---|
| **DESCRIPTION:** | PRIME STEEL BILLETS |
| **SPECIFICATION:** | GRADE 5SP/PS ACCORDING GOST 380-2005 |
| **SIZE:** | 125MM X 125MM (+/- 3.75MM) |
| **LENGTH:** | 12M (+/- 100MM) |
| **TOTAL QUANTITY:** | 9,500MT (+/- 5% IN SELLER'S OPTION) |
| **DELIVERY TERMS:** | FOB STOWED LS/D NOVOROSSIYSK ACCORDING TO INCOTERMS 2000 |
| **CARGO READINESS:** | LATEST 5TH AUGUST 2008 |
| **ORIGIN:** | ARGUS, RUSSIA |
| **PRICE:** | USD 910 PER METRIC TONNE |
| **TOTAL AMOUNT:** | USD 8,645,000.00 (+/- 5%) |
| **INVOICING:** | ON ACTUAL NET WEIGHT BASIS |
| **PAYMENT:** | 100% NETT CASH AGAINST PRESENTATION OF THE FOLLOWING DOCUMENTS THROUGH THE BANKING SYSTEM |

1) SELLER'S COMMERCIAL INVOICE IN 1 ORIGINAL AND 2 COPIES
2) ORIGINAL FORWARDER'S CERTIFICATE OF RECEIPT ISSUED BY NOVOFOR
3) MILL TEST CERTIFICATES
4) MILL'S PACKING LIST
5) ORIGINAL CERTIFICATE OF ORIGIN SIGNED BY LOCAL CHAMBER OF COMMERCE




Registered number 495682 England
Vat registration no. GB 396 9028 04



**STEMCOR**

DATE: 1st AUGUST 2008
PURCHASE NOTE NO: LPB0132

**TAXES, DUTIES & CHARGES:**

ALL IMPORT TAXES, DUTIES OR TARIFFS IN THE IMPORTING COUNTRY, APPLICABLE TO GOODS OR COMMERCIAL DOCUMENTS THERETO SHALL BE BORNE BY THE BUYER.

LIKEWISE, TONNAGE DUES, CUSTOMS FEES, ICE DUES, TRADE AND BERTH CHARGES LEVIED BY THE PORT IN RESPECT OF THE BUYER'S VESSEL SHALL BE FOR THE BUYER'S ACCOUNT.

**VESSEL NOMINATION:**

UPON CARGO READINESS NOTIFICATION, THE BUYER SHALL NOMINATE A SUITABLE VESSEL TO THE SELLER, WITH FULL PARTICULARS OF THE VESSEL I.E. GT, FLAG, CLASS, DIMENSIONS, GEAR ETC. FOR THE SELLER'S APPROVAL, WHICH SHALL BE GIVEN WITHIN 24 WORKING HOURS.

THE VESSEL SHALL BE NOMINATED WITH LOADING TERMS COB. THE BUYER IS RESPONSIBLE FOR THE VESSEL GIVING PROPER NOTICES OF ARRIVAL TO THE FORWARDERS AND TO THE PORT. THE BUYER IS TO PROVIDE THE SELLER WITH SHIPPING INSTRUCTIONS ON TIME (AT LEAST 5 WORKING DAYS BEFORE ETA OF THE VESSEL).

**LOADING CONDITIONS:** AS PER LPB0132 ATTACHMENT NO.1

**STORAGE:**

THE SELLER IS RESPONSIBLE FOR STORAGE COST UNTIL 30 (THIRTY) DAYS AFTER FCR DATE ONLY. AFTERWARDS THE BUYER TO BE RESPONSIBLE FOR STORAGE COST AND THE SAME MUST BE PAID BEFORE THE CARGO IS LOADED ON BUYER'S VESSEL.

**NOTICE:**

ALL NOTICE HEREUNDER SHALL BE GIVEN BY CABLE, TELEX, FAX OR PREPAID AIRMAIL LETTER. SHOULD ANY PARTY AT ANY TIME CHANGE ADDRESS, THE OTHER PARTY HAS TO BE NOTIFIED ACCORDINGLY.

**LEGAL TITLE:**

LEGAL TITLE TO, AND OWNERSHIP OF THE COMPLETE CONSIGNMENT SHALL PASS FROM THE SELLER TO THE BUYER UPON RECEIPT OF THE FULL VALUE OF THE CARGO (100% OF THE BENEFICIARY'S COMMERCIAL INVOICE VALUE).

**CLAIMS:**

ANY QUALITY CLAIM ARISING OUT OF THE PRESENT CONTRACT MUST BE SUPPORTED BY AN INDEPENDENT RECOGNIZED SURVEYOR'S CONTROL CERTIFICATES. FAX COPIES OF SUPPORTING DOCUMENTS MUST BE RECEIVED BY SELLER NOT LATER THAN 30 DAYS AFTER ARRIVAL TO PLACE INDICATED IN THE INCOTERMS, AND ORIGINALS NOT LATER THAN 60 DAYS. CLAIMED MATERIAL MUST BE HELD AT THE SELLER'S DISPOSAL AND ACCESSIBLE TO INSPECTION. ANY QUANTITY CLAIM ARISING OUT OF THE PRESENT CONTRACT MUST BE SUPPORTED BY AN INDEPENDENT RECOGNIZED SURVEYOR'S CONTROL CERTIFICATES AND ORIGINAL SCALE WEIGHT TICKETS CONDUCTED AT DISCHARGING PLACE. FAX COPIES OF SUPPORTING DOCUMENTS MUST BE RECEIVED BY THE SELLER NOT LATER THAN 25 DAYS AFTER

  

Registered number 485682 England
VAT registration no. GB 396 9028 04



DATE: 1ST AUGUST 2008
PURCHASE NOTE NO: LPB0132

ARRIVAL TO PLACE INDICATED IN THE INCOTERMS, AND ORIGINALS NOT LATER THAN 30 DAYS. A FRANCHISE OF +/- 0.5% IS ALLOWED IN CASE OF OVERAGE/SHORTAGE.

ARBITRATION:

IN THE CASE OF ANY DISPUTE, CONTROVERSY, CLAIM OR ARGUMENT IN CONNECTION WITH THIS CONTRACT, BOTH PARTIES SHALL MAKE EVERY POSSIBLE EFFORT TO SETTLE SUCH DISPUTE, CONTROVERSY, CLAIM OR ARGUMENT AMICABLY BETWEEN THEMSELVES. IF NO SUCH AMICABLE AGREEMENT CAN BE REACHED, THEN SUCH DISPUTE, CONTROVERSY, CLAIM OR ARGUMENT SHALL BE SETTLED BY ARBITRATION IN THE CITY OF LONDON IN ACCORDANCE WITH THE RULES THEN GOVERNING OF THE INTERNATIONAL CHAMBER OF COMMERCE IN THE ENGLISH LANGUAGE AND WILL TAKE PLACE IN THE CITY OF LONDON. ANY SUCH ARBITRATION DECISION SHALL BE GOVERNED BY, AND SHALL BE INTERPRETED, IN ACCORDANCE WITH ENGLISH LAW. THE DECISION OF THE ARBITRATOR SHALL BE BINDING ON BOTH PARTIES AND SHALL BE FINAL. NEITHER PARTY SHALL CRITICIZE THE JUDGMENT TO ANY FURTHER COURT FOR CONSIDERATION. THE COST AND LEGAL FEES OF ANY SUCH ARBITRATION SHALL BE BORNE BY THE PARTIES IN ACCORDANCE WITH THE AWARD OF THE ARBITRATOR.

CONSTRUCTION:

THIS CONTRACT IS CONSTRUED AS, AND SHALL TAKE EFFECT AS, A CONTRACT IN ACCORDANCE WITH THE LAWS OF ENGLAND.

FORCE MAJEURE:

1. IN THIS AGREEMENT, "FORCE MAJEURE" MEANS ANY CAUSE PREVENTING EITHER PARTY FROM PERFORMING ANY OR ALL OF ITS OBLIGATIONS WHICH ARISES FROM OR IS ATTRIBUTABLE TO ACTS OR EVENTS BEYOND THE REASONABLE CONTROL OF THE PARTY SO PREVENTED, INCLUDING, WITHOUT LIMITATION, STRIKES, LOCK-OUTS OR OTHER INDUSTRIAL DISPUTES (WHETHER INVOLVING THE WORKFORCE OF THE PARTY SO PREVENTED OR OF ANY OTHER PARTY), ACT OF GOD, WAR, RIOT, CIVIL COMMOTION, MALICIOUS DAMAGE, COMPLIANCE WITH ANY LAW OR GOVERNMENTAL ORDER, RULE, REGULATION OR DIRECTION, ACCIDENT, BREAKDOWN OF PLANT OR MACHINERY, FIRE, FLOOD, STORM OR DEFAULT OF SUPPLIERS OR SUB-CONTRACTORS.

2. IF EITHER PARTY IS PREVENTED OR DELAYED IN THE PERFORMANCE OF ANY OF ITS OBLIGATIONS UNDER THIS AGREEMENT BY FORCE MAJEURE, THAT PARTY SHALL FORTHWITH SERVE NOTICE IN WRITING ON THE OTHER PARTY SPECIFYING THE NATURE AND EXTENT OF THE CIRCUMSTANCES GIVING RISE TO FORCE MAJEURE, AND, WITHIN 15 DAYS OF SUCH NOTICE, MUST SERVE ON THE OTHER PARTY A CERTIFICATE OF FORCE MAJEURE ISSUED BY AN APPROPRIATE BODY SUCH AS A CHAMBER OF COMMERCE AND SHALL, SUBJECT TO SERVICE OF SUCH NOTICES AND TO SUB-CLAUSE 3 OF THIS SECTION, HAVE NO LIABILITY IN RESPECT OF THE PERFORMANCE OF SUCH OF ITS OBLIGATIONS AS ARE PREVENTED BY THE FORCE MAJEURE EVENTS DURING THE CONTINUATION OF SUCH EVENTS, AND FOR SUCH TIME AFTER THEY CEASE AS IS NECESSARY FOR THAT PARTY, USING ALL REASONABLE ENDEAVOURS, TO RECOMMENCE ITS AFFECTED OPERATIONS IN ORDER FOR IT TO PERFORM ITS OBLIGATIONS.

3. IF EITHER PARTY IS PREVENTED FROM PERFORMANCE OF ITS OBLIGATIONS FOR A CONTINUOUS PERIOD IN EXCESS OF THREE MONTHS, THE OTHER PARTY MAY TERMINATE THIS AGREEMENT FORTHWITH ON SERVICE OF WRITTEN NOTICE ON THE PARTY SO PREVENTED, IN WHICH CASE NEITHER PARTY SHALL HAVE ANY LIABILITY TO THE OTHER EXCEPT THAT RIGHTS AND LIABILITIES WHICH ACCRUED PRIOR TO SUCH TERMINATION SHALL CONTINUE TO SUBSIST.




Registered number 495882 England
Vat registration no.: GB 355 9028 01

# STEMCOR

DATE: 1ST AUGUST 2008
PURCHASE NOTE NO: LPB0132

4. THE PARTY CLAIMING TO BE PREVENTED OR DELAYED IN THE PERFORMANCE OF ANY OF ITS OBLIGATIONS UNDER THIS AGREEMENT BY REASON OF FORCE MAJEURE SHALL TAKE ALL REASONABLE STEPS TO BRING THE FORCE MAJEURE EVENT TO A CLOSE OR TO FIND A SOLUTION BY WHICH THE AGREEMENT MAY BE PERFORMED DESPITE THE CONTINUANCE OF THE FORCE MAJEURE EVENT.



SIGNED FOR AND ON BEHALF OF
ARGUS DEVELOPMENTS INC
DATE:



SIGNED FOR AND ON BEHALF OF
STEMCOR UK LTD
DATE: 01/08/2008





Registered number 495662 England
Vat registration no. GB 395 8028 04



**ATTACHMENT NO. 1**
**PURCHASE CONTRACT LPB0122**

SELLER SHALL GUARANTEE AN ALWAYS ACCESSIBLE ALWAYS AFLOAT SAFE BERTH AT WHICH THE VESSEL CAN SAFELY APPROACH, ENTER, LIE ALONGSIDE, LOAD AND SAIL FROM. DETAILS OF ANY BERTH / PORT RESTRICTIONS INCLUDING LOA/BEAM/DRAFT/AIRDRAFT TO BE ADVISED AT TIME OF CONCLUDING CONTRACT. SELLER SHALL BE RESPONSIBLE FOR ALL COSTS AND/OR CONSEQUENCES DUE TO UNSUITABILITY OF THE BERTH.

BUYER TO NOMINATE A NORMAL SEA-GOING VESSEL TO LOAD THE MATERIAL. SELLER TO CONFIRM ACCEPTANCE WITHIN ONE WORKING DAY. SELLER HAS NO RIGHT TO REJECT THE VESSEL DUE TO AGE, FLAG, CLASS ETC. IF NO OBJECTION IS RECEIVED WITHIN 24 HOURS, THE VESSEL DEEMED TO HAVE BEEN ACCEPTED.

LOADING TO BE "CQD" I.E. CUSTOMARY QUICK DESPATCH – NO DESPATCH/DEMURRAGE. SELLER TO LOAD ACCORDING TO STANDARD CQD PRACTICE AT PORT OF LOADING.

DELAYS TO LOADING DUE TO VESSEL WAITING FOR BERTH AND/OR LACK OF EXPORT DOCUMENTATION AND/OR NON AVAILABILITY OF CARGO AND/OR INSUFFICIENT LOCAL HAULAGE ARE NOT CONSIDERED STANDARD CQD CONDITIONS AND IN SUCH CASE DETENTION WILL BE CHARGED FOR ALL TIME LOST AT THE RATE SPECIFIED IN THE CHARTERPARTY GOVERNING THE VESSEL FIXTURE.

MATERIAL TO BE LOADED, STOWED, LASHED, SECURED AND DUNNAGED BY SHORE GEAR AT THE RISK AND EXPENSE OF THE SELLER.

STEVEDORES SHALL LOAD, STOW, LASH AND SECURE THE CARGO UNDER THE MASTER'S INSTRUCTIONS AND TO THE MASTER'S SATISFACTION. ANY STEVEDORE DAMAGE TO THE VESSEL TO BE SETTLED BETWEEN SELLER AND OWNERS/MASTER AT SELLER'S TIME AND EXPENSE PRIOR TO THE VESSEL SAILING.

IF MORE THAN ONE LOT IS LOADING, EACH LOT TO BE LOADED AND BLOCK STOWED SEPARATELY. ANY SORTING COSTS AT DISCHARGE PORT DUE TO MIXED STOWAGE TO BE FOR SELLER'S ACCOUNT. ON COMPLETION OF LOADING SELLER TO PROVIDE A FULLY DETAILED STOWAGE PLAN SHOWING LOCATION PER LOT.

ALL LOCAL DUES, TAXES, WHARFAGE, QUAY DUES, PORT DUES, PORT RATES OR LEVIES ON CARGO AND/OR FREIGHT TO BE FOR SELLER'S ACCOUNT.

OVERTIME TO BE FOR THE ACCOUNT OF THE PARTY ORDERING THE SAME. OVERTIME ORDERED BY THE PORT AUTHORITY TO BE FOR SELLER'S ACCOUNT.

ANY LOSS, DAMAGE, EXPENSE CAUSED BY THE FAILURE ON THE PART OF THE SELLER AND/OR THE STEVEDORES AND/OR THE LOAD PORT AUTHORITY TO COMPLY WITH THE REQUIREMENTS OF THE INTERNATIONAL CODE FOR SECURITY OF SHIPS AND OF PORT FACILITIES AND THE RELEVENT AMENDMENTS TO CHAPTER XI OF SOLAS (ISPS CODE) SHALL BE FOR SELLER'S ACCOUNT.



Registered number: 495682 England
Vat registration no. GB 396 3028 04

16. SEP. 2008  9:45                                                              N° 864   P. 1/3



# BNP PARIBAS
## CORPORATE & INVESTMENT BANKING

Télécopie – Telefax

**ENERGY & COMMODITIES – DOCUMENTARY OPERATIONS**
GENEVA / Switzerland

| | | | |
|---|---|---|---|
| Nombre de pages (couverture inclue): Number of pages (incl. cover form): | 3 | Date: Date: | 15 September, 2008 |

Destinataire / Addressee: NOVOFOR – NOVOROSSIYSK

Copie / Copy: Stemcor UK Ltd., London.     Attn. Chhindo Chumber     Ref. LPB0132

Télécopie No. / Telefax Nr.: 007 8617 60 74 75 (27 94 32)  *ask celan please*

Télécopie No. / Telefax Nr.: 0044 207 770 3019

Expéditeur / Sender: Maryvonne Burtin / L. Godel     +41 58 212 2233 – Fax +41 58 212 2363

| FCR N°/ dated | Description / Total MT | Hereby released | To be shipped on | Net Weight (balance after release) |
|---|---|---|---|---|
| No. 287 Dd 05.08.08 | 5.503.592 mts 1638 bundles | 2.822,42 mts (Balance) | MV "HACI RUSTU K" with Laycan 12-14 September 2008 | 0 M/T |

Our Ref. DMAR4728876 – 08-281

Dear Sirs,

We refer to our last release request as per herewith copy and today understand from Stemcor UK Ltd, London, that the relative goods have not yet been loaded as per our and their instructions.

Kindly check and revert top urgently (still today) with reasons for non loading yet.

We strongly urge you to load the above goods as per Stemcor UK Ltd, London instructions.

Awaiting your immediate action and reply to our fax 0041 58 212 2363 attn L. Godel.

Best Regards
BNP PARIBAS (SUISSE) SA
M. Burtin / C. Gehilloud

Encl. copy of FCRs

BNP PARIBAS (SUISSE) SA - 2, place de Hollande, CH-1211 Genève 11 - Télécopie 058212 23 63

16. SEP. 2008  9:45                                                                 N° 864   P. 2/3


## BNP PARIBAS
CORPORATE & INVESTMENT BANKING

Télécopie - Telefax

**ENERGY & COMMODITIES – DOCUMENTARY OPERATIONS**
GENEVA / Switzerland

| | | | |
|---|---|---|---|
| Nombre de pages (couverture inclus): Number of pages (incl. cover form): | - 2 - | Date: Date: | 12 September, 2008 |

Destinataire: NOVOFOR – NOVOROSSIYSK
Addressee:

Copie: Stemcor UK Ltd., London.      Attn. Chhindo Chumber   Ref. LPB0132
Copy:

Télécopie No.: 007 8617 60 74 75 (27 93 42)
Telefax Nr.:

Télécopie No.: 0044 207 775 3618
Telefax Nr.:

Expéditeur: Maryvonne Burtin / L. Godel      +41 58 212 2235 - Fax +41 58 212 2363
Sender:

| FCR N° / dated | Description / Total MT | Hereby released | To be shipped on | Net Weight (balance after release) |
|---|---|---|---|---|
| No. 287 Dd 05.08.08 | 9,608.592 mts 1838 bundles | 2,822.42 mts (Balance) | MV "HACI RUSTU K" with Laycan 12-14 September 2008 | 0 M/T |

Our Ref: DMAR4728876 – 08-281

Dear Sirs,

We refer to your above FCR in our name, and to our two releases (1st dated 15.08.08 for 6,700 mts and 2nd dated 19/08/08 for remaining balance) in which we clearly stated the vessel's name with the word 'SUB' and clearly requested you to follow instructions from Stemcor UK Ltd, London. We are now very surprised as we understand from Stemcor UK Ltd, London, that you refuse to follow their instructions for shipment.

Kindly immediately act as per Stemcor UK Ltd, London instructions regarding your full FCR no 287 above.

Meanwhile as per Stemcor UK Ltd, London instructions we clarify our release instructions as follows :

Referring to the goods mentioned here above (the "Goods") which you are currently holding to the order of BNP Paribas (Suisse) SA, Geneva and for the account of Stemcor UK Ltd, London ("Stemcor"), please be advised that we herewith authorise you to release, WITHOUT ANY CHARGES FOR US, subject quantities of **Prime concast steel square billets** as per instructions from Stemcor UK Ltd., London.

Best Regards
BNP PARIBAS (SUISSE) SA

M Burtin / C. Genoud

Encl: copy of FCRs

BNP PARIBAS (SUISSE) SA - 2, place de Hollande, CH-1211 Genève 11 - Télécopie 058212 23 63